## WOOLEYHAN TRANSPORT CO. v. GEORGE RUTLEDGE CO.

### No. 9359.

Circuit Court of Appeals, Third Circuit.
Argued May 20, 1947.
Decided July 14, 1947.

Charles E. Cotterill, of New York City (Edmond J. Dwyer, of Newark, N. J., on the brief), for appellant.

James A. Major and Major & Carlsen, all of Hackensack, N. J., for appellee.

Before MARIS, GOODRICH, and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff, a common carrier by motor truck, brought suit in the district court against the defendant, a shipper, to recover the difference between the rates actually quoted, charged and collected by it for the transportation of certain goods and the rates as shown by its tariff on file with the Interstate Commerce Commission. The goods were shipped from Montclair to Pedricktown, both in the State of New Jersey. The rate actually charged and collected was quoted by the plaintiff to the defendant before the shipments were made. It was the rate which the defendant had previously paid to an intrastate rail carrier for shipment of the same goods between the same points. The plaintiff's claim was based upon the proposition that it had in fact transported the goods over its interstate route via Wilmington, Delaware. For this reason, it asserted, it was required to collect its filed tariff rate for interstate shipment between Montclair and Pedricktown instead of the rate which it had quoted, charged and collected. At the conclusion of the plaintiff's case the court granted a nonsuit and the plaintiff appeals.

We see no error in the court's action. The contract between the parties was for intrastate carriage of the goods by motor truck between Montclair and Pedricktown. There is in New Jersey no regulation of the rates or routes of a motor carrier. The plaintiff was, therefore, free to charge whatever rate was mutually agreed upon for the intrastate carriage of the defendant's goods. Likewise it was free to use any one or more of the many existing highways in New Jersey in carrying those goods between Montclair and Pedricktown. Instead, for its own convenience and because of certain union contracts with its truck drivers, it transported the goods over a longer interstate route, via Wilmington, Delaware. By such unilateral action, however, it could not convert a lawful contract for intrastate carriage into one for interstate carriage so as to impose upon the defendant shipper liability for a rate higher than it had agreed to pay.

A different situation would be presented if the carrier, as is frequently true in the case of railroads, had only an interstate route available to it between the two intrastate points. In such a situation the shipper

might well be liable for the filed tariff rate for the interstate route which it knew or should have known its goods would follow. Here, however, the plaintiff, with the obvious direct intrastate route open and available to it, took the defendant's goods around Robin Hood's barn in getting them from Montclair to Pedricktown.

The judgment of the district court will be affirmed.